Thomas R. Fawkes (*pro hac vice*)
Brian J. Jackiw (*pro hac vice*)
Tucker Ellis LLP
233 S. Wacker Drive, Suite 6950
Chicago, Illinois 60606
Telephone: (312) 624-6300
Facsimile: (312) 624-6309

Terry Connollly
Patton & Davison, LLC
1920 Thomes Ave.
Suite 600
Cheyenne, Wyoming 82001
Telephone: (307) 635-4111

Counsel to Alex G. Smith, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF WYOMING**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MOUNTAIN STATES ROSEN, LLC | ) | |
| , | ) | Case No. 20-20111 |
| | ) | |
| Debtor. | ) | Honorable Judge Cathleen D. Parker |
| | ) | |
| Alex G. Smith, not individually, | ) | |
| but solely as Chapter 7 Trustee of Mountain | ) | |
| States Rosen, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. No. |
| v. | ) | |
| | ) | |
| Cigna, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C § 547, TO RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550, AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Alex G. Smith, not individually but solely as Chapter 7 Trustee (the "Trustee") of the

Mountain States Rosen, LLC (the "Debtor"), by and through his undersigned counsel, files this

complaint (the "Complaint") to avoid and recover preferential transfers against Cigna (the "Defendant") pursuant to sections 547 and 550 of title 11 of the United States Code (the "Bankruptcy Code"), and to disallow any claims held by Defendant pursuant to section 502 of the Bankruptcy Code. In support of this Complaint, the Trustee hereby alleges upon information and belief as follows:

## NATURE OF THE CASE

1. This action is commenced pursuant to sections 547 and 550 of the Bankruptcy Code to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, preferential transfers of property made by Mountain States Rosen, LLC (the "Debtor") that occurred during the ninety (90) day period prior to the commencement of the Debtor's chapter 11 case.

2. In addition, the Trustee seeks to disallow, pursuant to section 502(d) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtor or that has been scheduled for Defendant, unless Defendant has paid to the Trustee any amounts for which it is liable under sections 547 and 550 of the Bankruptcy Code.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this adversary proceeding which arises under title 11 of the United States Code, and is related to the above-captioned bankruptcy case (the "Bankruptcy Case") pending before the United States Bankruptcy Court for the Southern District of Ohio (the "Court"), pursuant to 28 U.S.C. §§ 157 and 1334.

4. The causes of action set forth herein constitute a proceeding to determine, avoid, or recover preferences, and to determine the amount and allowance of claims, and, as such, constitute

a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (F).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

6. The statutory and legal predicates for the relief sought herein are sections 502, 547 and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7. The Trustee states that he consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND OF THE BANKRUPTCY CASE

8. On March 19, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court. The Debtor operated its business as a debtor-in-possession under Sections 1107 and 1108 of the Bankruptcy Code.

9. The Debtor converted its case to a case under chapter 7 of the Bankruptcy Code on November 20, 2020.

10. On November 23, 2020, the United States Trustee's office appointed Randy Royal as interim chapter 7 Trustee.

11. The chapter 7 creditors engaged in an election of chapter 7 trustee and elected Alex G. Smith as Trustee. The United States Trustee appointed Alex G. Smith as permanent chapter 7 trustee on December 22, 2020.

12. Pursuant to the Bankruptcy Code, the Trustee has standing to commence this action.

## THE PARTIES

13. The Trustee is authorized to investigate, prosecute and resolve all avoidance actions, including the action that is the subject of this Complaint. The Trustee is a duly elected and appointed chapter 7 Trustee.

14. Upon information and belief, the Defendant was, at all relevant times, a vendor to, or creditor of, the Debtor. The Defendant is a Colorado Corporation with an address of 8505 E. Orchard Road, Greenwood, Colorado.

## FACTUAL BACKGROUND

15. Prior to the Petition Date, in the ordinary course of business, the Debtor maintained business relationships with various business entities, including vendors, creditors, suppliers, and distributors, and regularly purchased, sold, received, and/or delivered goods and services in support of its operations.

16. During the ninety (90) day period prior to the Petition Date, that is, between December 20, 2019 through March 19, 2020 (the "Preference Period"), the Debtor continued to operate its business affairs, including the transfer of cash and other property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, or otherwise, to various entities.

17. During the course of their relationship, the Debtor and Defendant entered into agreements or other trade relationships, which are evidenced by invoices, communications, and other documents (collectively, the "Agreements").

18. The Debtor and Defendant conducted business with one another during the Preference Period pursuant to the Agreements.

19. The Trustee has completed an analysis of all readily available information of the Debtor and is seeking to avoid all of the transfers of an interest in the Debtor's property made by

4

Case 22-02008    Doc 1    Filed 03/18/22    Entered 03/18/22 12:40:43    Desc Main
Document    Page 5 of 10

the Debtor to the Defendant within the Preference Period. Indeed, the Trustee has conducted significant due diligence in this matter.

20. The Trustee has determined that the Debtor made transfer(s) of an interest of the Debtor's property to or for the benefit of the Defendant during the Preference Period through payments aggregating to an amount of not less than $654,440.72 (with each individual transfer being a "Transfer" and all Transfers collectively, the "Transfers"). The details of each of the Transfers are set forth on Exhibit A attached hereto and incorporated by reference herein.

21. During the course of this adversary proceeding, the Trustee may learn (through discovery or otherwise), of additional transfers made by the Debtor to the Defendant during the Preference Period. It is the Trustee's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property and to or for the benefit of the Defendant or any other transferee. The Trustee reserves the right to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and/or revisions to the Defendant's name, (iv) additional defendants, and/or (v) additional causes of action authorized by the Plan, if applicable (collectively, the "Amendments"), that may become known to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

22. The Trustee acknowledges that some of the Transfers might be subject to defenses under section 547(c) of the Bankruptcy Code, for which the Defendant bears the burden of proof under section 547(g) of the Bankruptcy Code. The Trustee states that he has performed due diligence to the best of his ability with the information available. After such diligence, the Trustee has determined sufficient liability remains to justify filing this action.

## **CLAIMS FOR RELIEF**

### **COUNT I**

**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

23. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

24. Each of the Transfers was made to the Defendant by the Debtor as identified on Exhibit A, attached hereto and incorporated herein.

25. The Debtor made the Transfers to or for the benefit of the Defendant in an aggregate amount of not less than $654,440.72.

26. The Transfers were made from one or more of the Debtor's accounts and constituted transfers of an interest in property of the Debtor.

27. During the Preference Period, the Defendant was a creditor at the time of each Transfer by virtue of supplying to the Debtor the goods and/or services identified in the Agreements, for which the Debtor was obligated to pay, in accordance with the Agreements. *See* Exhibit A.

28. Each Transfer was to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor under the Agreements to the Defendant as identified in Exhibit A.

29. Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor identified on Exhibit A to the Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of the Defendant prior to being paid by the Debtor. *See* Exhibit A.

30. Each Transfer identified on Exhibit A was made while the Debtor was insolvent. The Trustee is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

31. Each Transfer was made during the Preference Period. *See* Exhibit A.

32. As a result of each Transfer, the Defendant received more than it would have received if: (i) the Debtor's case was under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the Defendant received payment of its debts under the provisions of the Bankruptcy Code. The Debtor's liabilities exceed its assets to the point that unsecured creditors will not receive a full payout of their claims.

33. The Defendant was the initial transferee of the Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfer(s) were made.

34. Accordingly, the Trustee is entitled to an order and judgment against the Defendant avoiding each Transfer pursuant to section 547(b) of the Bankruptcy Code.

## COUNT II

### (Recovery of Avoided Transfers – U.S.C. § 550)

35. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

36. The Trustee is entitled to avoid the above-described Transfers pursuant to section 547(b) of the Bankruptcy Code.

37. The Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

38. Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover from Defendant all Transfers, plus interest thereon to the date of payment and the costs of this action.

## COUNT III

### (Disallowance of Claims – 11 U.S.C. § 502(d))

39. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

40. The Defendant is a transferee of Transfers avoidable pursuant to section 547 of the Bankruptcy Code, which Transfers are recoverable under section 550 of the Bankruptcy Code.

41. The Defendant has not paid the amount of the Transfers or turned over such property for which the Defendant is liable under section 550 of the Bankruptcy Code.

42. Pursuant to section 502(d) of the Bankruptcy Code, any and all claims of the Defendant against the Debtor must be disallowed until such time as Defendant pays the Trustee the amount equal to the aggregate amount of all of the Transfers, plus interest thereon and costs.

## RELIEF REQUESTED

**WHEREFORE,** the Trustee respectfully requests that this Court enter an order providing the following relief against Defendant:

A. On Count I, judgment in favor of the Trustee and against the Defendant, avoiding the Transfers;

B. On Count II, judgment in favor of the Trustee and against the Defendant, directing the Defendant to return to the Trustee the amount of the Transfers, pursuant to 11 U.S.C. § 550, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

C. On Count III, judgment in favor of the Trustee and against the Defendant, disallowing any claims filed by the Defendant or scheduled in its favor in the Debtor's chapter 11 case until the Defendant returns the Transfers to the Trustee pursuant to 11 U.S.C. § 502(d); and

D. Such other relief as this Court may deem just and proper.

Dated: March 18, 2022

Respectfully submitted,

**ALEX G. SMITH, not individually, but solely as Chapter 7 Trustee**

By: */s/ Brian Jackiw*
      One of His Attorneys

**TUCKER ELLIS LLP**

Thomas R. Fawkes (*pro hac vice*)
Brian J. Jackiw (*pro hac vice*)
233 S. Wacker Dr.
Suite 6950
Chicago, Illinois 60606
Thomas.Fawkes@tuckerellis.com
Brian.jackiw@tuckerellis.com

*Counsel for the Chapter 7 Trustee*

# Exhibit A

| Defendant | Cigna | | | Preference Period: 12/20/2019-3/19/2020 |
|---|---|---|---|---|
| Invoice Number | Invoice Date | Amount | Transfer/Check | Transfer Date |
| 59435 | 12/1/2019 | $ 226,703.11 | ACH122019 | 12/20/2019 |
| 60576 | 1/1/2020 | $ 213,320.60 | ACH012220 | 1/22/2020 |
| 61324 | 2/1/2020 | $ 214,417.01 | ACH022020 | 2/20/2020 |
| | Total Demand | $654,440.72 | | |